## PIERCE ARROW SALES CORPORATION v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
May 21, 1929.

No. 2324.

La Rue Brown, of Boston, Mass. (A. Van Allen Thomason, of Boston, Mass., on the brief), for appellant.

Ellen L. Buckley, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM and ANDERSON, Circuit Judges, and HALE, District Judge.

ANDERSON, Circuit Judge. The merits of the appellant's contention that, as the innocent owner of the seized truck, it is entitled to protection under section 26 of title 2 of the National Prohibition Act (27 USCA § 40) are not, on this record, open for consideration by this court.

On March 10, 1925, the government filed an information alleging that on February 6, 1925, one Glynn of the Coast Guard duly seized at North Plymouth one Pierce-Arrow truck and a large quantity of alcoholic liquor, forfeited to the United States for the following causes:

(1) That there was concealed in said auto truck alcoholic liquors (described), which had been unlawfully, fraudulently, and clandestinely imported and introduced into the United States without payment of customs duties thereon, and without a permit issued by the Commissioner of Internal Revenue for the importation thereof.

(2) That the (described) alcoholic liquors of a value of more than $500 were "unlawfully laded at night on said automobile without customs supervision and without a special license or permit * * * which such merchandise was by law required to be laded on said automobile under customs supervision."

The appellant intervened and claimed to be the owner of the truck, sold on conditional sale to Rich's South Shore Express; and on November 24, 1925, filed an answer, admitting the seizure under claim of forfeiture and that when seized there was on the truck, unlawfully, the merchandise described in the information. But it denied that this merchandise was subject to customs duties and denied that the merchandise was unlawfully laded at night on said automobile.

On the issues thus made, the parties were entitled to a trial by jury. The District Court heard the case without a jury, but without tthe written stipulation required by R. S. § 649 (28 USCA § 773). Garnhart v. United States, 16 Wall. 162, 165, 21 L. Ed. 275; Confiscation Cases, 7 Wall. 454, 462, 19 L. Ed. 196; Armstrong's Foundry, 6 Wall. 766, 18 L. Ed. 882; National Surety Co. v. United States (C. C. A. 9) 17 F.(2d) 372.

On the record thus made, without an agreed statement of facts before the District Court, the right of review in this court is limited to the process, pleadings, and judgment. City of Cleveland v. Walsh Construction Co. (C. C. A.) 279 F. 57; Buessel v. United States (C. C. A.) 258 F. 811; Ulmer et al. v. United States (C. C. A.) 266 F. 176; Streeter v. Sanitary District (C. C. A.) 133 F. 124; Ladd & Tilton Bank v. Hicks Co. (C. C. A.) 218 F. 310.

The record on which the case has been argued has further fatal defects: The final decree is dated January 5, 1928. On November 23, 1928, an agreed statement of the case signed by counsel for appellant and the United States Attorney, was filed, which was approved by the court below on November 26, 1928. Obviously, this agreed statement of the case, filed and approved long after the court below had lost all jurisdiction of the case, is no part of the record for this court.

It remains to consider whether, on the process and pleadings and judgment, forfeiture can be sustained. Castro v. United States (C. C. A.) 23 F.(2d) 263, 265.

The government grounds its case for forfeiture under R. S. §§ 3061 and 3062 (19 USCA §§ 482, 483), the pertinent parts of which are as follows:

"Sec. 3061. Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, * * * on which * * * he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether * * * by, in, or upon such vehicle * * * or otherwise, and, * * * if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, * * * which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether * * * by, in, or upon such vehicle, * * * or otherwise, he shall seize and secure the same for trial."

"Sec. 3062. Every such vehicle and * * * all other * * * means of concealment, * * * shall be subject to seizure and forfeiture."

The power to search and seize given by these sections is subject to the express provision that the officer "shall have reasonable cause to believe" that the merchandise found in such vehicle "is subject to duty"; or has been "unlawfully introduced into the United States."

The gist, then, of this case is whether the libel sets forth facts from which it can be fairly inferred that the liquors seized on this auto truck had been smuggled. Plainly, it

does not. The mere fact that the merchandise in question, being loaded on the truck at the place of seizure, is in part described as Scotch whisky and Holland gin—without stating that the liquors bore foreign labels or other facts indicating foreign origin—is not enough to make the libel adequate within the fair meaning of section 3061.

The same observation is applicable to the second paragraph, which also proceeds on the theory that the liquors, being unlawfully laded at night, were smuggled—without stating any grounds on which a reasonable person could fairly infer foreign origin. In Brown v. United States, 16 F.(2d) 682, 685, this court held that the fact that the liquors were taken from a schooner anchored 30 miles at sea in Rum Row did not warrant the inference that it was of foreign origin. In this information is no allegation that the seized liquor had been unloaded from a vessel—nothing but the charge of seizure on land at North Plymouth.

For these reasons, we are constrained to hold the information inadequate to support the judgment of forfeiture.

The judgment of forfeiture must be vacated, and the case remanded to the District Court with opportunity to the government to file an amended libel and have a new trial; and if such trial is before the court without a jury, and the parties desire to preserve a right to a full review in this court, a written stipulation waiving a jury, as required by R. S. § 649, should be filed.

The judgment or decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.