**In re WOLRICH et al.**

United States District Court
S. D. New York.
May 24, 1949.

John F. X. McGohey, United States Attorney, New York City (Roy M. Cohn, Daniel H. Greenberg, New York City, of counsel), for plaintiff.

Arthur Block, Corcoran & Kostelanetz, New York City (Boris Kostelanetz, Rexford E. Tompkins, New York City, of counsel), for Samuel Gurian.

Louis Bender, New York City, for respondents.

RIFKIND, District Judge.

By two orders to show cause, the respondent and Gurian have brought on motions to vacate an order, heretofore issued by this court, requiring the respondent to appear before a Special Agent of the Bureau of Internal Revenue to testify and produce books and records relating to the tax liability of a taxpayer.

The order to appear, testify and produce was issued ex parte, on application of the Agent, acting under the authority of the Commissioner of Internal Revenue, who had previously required, by service of a so-called Commissioner's summons on Naboshek at the office of Naboshek, Gurian & Lindenbaum, accountants, that the latter firm appear and produce records relating to the income tax liability of one Isidore Wolrich. Naboshek appeared in response to the request but said he had no records or information in his possession, because neither he, personally, nor the firm, but Gurian, had prepared the questioned return and had the records. He asserted that Gurian had ceased to be a member of the firm in 1942 before the preparation of the return under investigation. Gurian had

received from Naboshek immediate knowledge of the agent's request.

Respondent argues that the so-called commissioner's summons to appear and produce books and records was illegally issued because 26 U.S.C.A. § 3614(a) does not authorize the issuance of a summons to produce such material. Therefore, says respondent, the order of this court compelling obedience to the summons was without foundation in law.

■ Respondent misconceives the nature of the procedure employed. Unlike the Collector of Internal Revenue, 26 U.S.C.A. § 3615, the Commissioner has no power of subpoena in his own right. He can merely examine books and records and "require" the attendance of persons having knowledge in the premises. If the party whose attendance is "required" fails to attend, the Commissioner may ask the district court "by appropriate process to compel such attendance, testimony, or production of books, papers, or other data." 26 U.S.C.A. § 3633. A subpoena, subpoena duces tecum, or order to appear and produce is patently an "appropriate process". If it is disregarded, then contempt proceedings may ensue. The Collector, however, does not need the aid of the court to compel attendance or production. If a Collector's summons is disregarded, contempt proceedings may ensue immediately. 26 U.S.C.A. § 3615.

■ Respondent has shown no more than that it claims not to be a partnership of which Gurian is a member, and that Gurian prepared the returns in question. It denies control of the records. On the other hand, both the respondent and Gurian have represented in writing on different occasions that Naboshek, Gurian & Lindenbaum were the accountants for the taxpayer whose returns are being investigated. Gurian receives 50% of the firm's profits. When an accounting firm permits its name and letterhead to be used to represent to others, including the Government, that it prepared a taxpayer's returns or audited a taxpayer's books, it cannot avoid furnishing information concerning those matters by asserting that through some alleged private arrangement not it, but one of its named partners, was solely involved, and that that member was not in fact a member of the firm.

■ Gurian seeks vacation of the order, presumably as it affects him, because, in addition to the reasons I have already rejected, the so-called Commissioner's summons was not personally served upon him. The order of this court was served upon him. Since the so-called Commissioner's summons is not a summons, disobedience of which is an offense or in any way punishable, but merely a request of which Gurian had actual notice, the failure to "serve personally" is meaningless. He was served with the order of this court. He has moved to vacate it. His reasons are insufficient.

■ Objection is also made that this proceeding was not instituted in accordance with the provisions of the Federal Rules Civil Procedure, which, it is asserted, are made applicable thereto by Rule 81(a) (3) as amended, 28 U.S.C.A. The applicability of the Rule is by no means clear, but in any event its own exceptions—"except as otherwise provided by statute"— would seem to be sufficient to warrant the expeditious practice contemplated by 26 U.S.C.A. § 3633.

■ The question still remains where the examination of the records shall be held. The statute does not specify a place, 26 U.S.C.A. § 3614(a), but the Commissioner has requested that it be made at the office of his agent. No showing has been made why this is not a fair and proper place under the circumstances of this case.

For the foregoing reasons, no cause having been shown why the prior order of this court directing the respondent to appear and produce records should be vacated, the order remains in effect.

Motion denied.