**SCHULMAN v. DUNLAP, Commissioner of Internal Revenue, et al.**

United States District Court
S. D. New York.

May 3, 1952.

Joseph J. Dreyer, Brooklyn, N. Y., for plaintiffs.

Myles J. Lane, U. S. Atty., New York City, for defendants. Henry L. Glenn, Asst. U. S. Atty., New York City, of counsel.

Mumma, Crane, Costabell & Cloutman, New York City; for Carl Deutsch.

IRVING R. KAUFMAN, District Judge.

Plaintiffs have moved to quash a summons, dated April 23, 1952, and to enjoin all defendants from taking any action or proceeding under the summons which was served upon Deutsch. The summons required him, as an accountant, to appear before Special Agent Sorrentino of the Bureau of Internal Revenue to give testimony and produce his work papers and copies of tax returns in the matter of the former partnership of B. Schulman & Co. The period in question covered the years 1943 to 1950 during which Deutsch was the accountant for Benjamin Schulman and B. Schulman & Co.

Plaintiffs, one of whom is Deutsch as executor, allege that the summons subjects decedent Schulman's estate to an unreasonable search and seizure of papers and documents in violation of the Fourth Amendment of the Constitution. They also allege that re-examination of the copies of tax returns, work papers and books for the fiscal years February 1, 1943 through January 31, 1947 is barred by the appropriate Statute of Limitations, and it is for these years that they pray for the quashal and injunction.

The summons was issued under the authority of 26 U.S.C.A. § 3614, which is limited in its application by the strictures of 26 U.S.C.A. § 3631. Section 3631 spares the *taxpayer* from unnecessary examinations or investigations. Government examinations in connection with tax years as to which the Statute has run are barred except in case of fraud, in which event collection may be started at any time. 26 U.S.C.A. § 276(a).

Plaintiffs contend that the Government's affidavits do not show any reasonable ground for suspecting fraud. The Government claims that they are sufficient to warrant an enforcement of the summons by this Court under 26 U.S.C.A. § 3633. Thus I am called upon to determine the degree of proof necessary under these particular circumstances.

Agent Sorrentino's affidavit recites the following germane basis for the suspicion:

"One of the purposes of my investigation * * * is to ascertain whether there is any evidence bearing upon the possible criminal or fraudulent evasion of tax by any member of the part-

nership. My office has received information indicating possible criminal or fraudulent activity both from the Internal Revenue Agent who has been investigating into the affairs of such partnership and also from other sources."

Plaintiffs contend that In re Brooklyn Pawnbrokers, Inc., D.C.E.D.N.Y.1941, 39 F.Supp. 304 is a clear guide to granting their motion. I do not agree. The distinction between the case there and the one before me turns on the fact that there the taxpayer was involved. The court pointed out that there is a privilege of the *taxpayer* to be free from unreasonable examinations. I believe the privilege was undoubtedly designed to spare the taxpayer harassment from the time-consuming repeated examinations. Here we have the taxpayer's accountant who also happens to be an executor of the decedent taxpayer's estate.

The summons is addressed to the documents which are the work product of the accountant Deutsch. As to those, I cannot see how Deutsch can effectively invoke his executorship to bring into play the standard formulated in the Brooklyn Pawnbrokers' case. Without expressing any opinion upon that standard, I believe that less is required of the Government here than was in that case for we are dealing essentially with the taxpayer's accountant here. McMann v. Securities and Exchange Commission, 2 Cir., 1937, 87 F.2d 377, 109 A.L.R. 1445.

The motion is denied. Settle order.