**41 C.C.P.A.(Patents)**

### Application of MARTIN et al.

### Patent Appeal No. 6056.

United States Court of Customs and Patent Appeals.

May 27, 1954.

Charles S. Wilson, Chicago, Ill. (Eugene H. Purdy and Franz O. Ohlson, Jr., of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1–3 and 5–8 of appellant's application for a patent on an improvement in the construction and mounting of laminated units of transparent synthetic resins. No claims were allowed.

The references relied upon are:

Warren et al. 1,717,287, June 11, 1929; Watkins 2,374,056, April 17, 1945; Swedlow 2,456,467, Dec. 14, 1948; Neher et al. 2,464,826, Mar. 22, 1949; Martin et al. 2,511,168, June 13, 1950.

Claim 8 is representative and reads as follows:

"An aircraft component comprising at least two coextensive transparent sheets of synthetic resin, an interlayer of synthetic resin disposed between and bonding said sheets one to the other, said interlayer having less area than the area of the sheets to terminate inwardly of the edges of said sheets, and a mounting consisting of woven fabric imbedded in and bonded by synthetic

resin of the same type as that of the sheets, having a part of its width positioned edgewise between the margins of said sheets in substantial abutment with the edge of the interlayer and with its resin integrally united with the resin of the sheets, the remainder of the mounting projecting beyond the edges of the said sheets."

Appellants make these pertinent comments in their brief regarding the alleged problem with which the art was confronted:

"Transparent synthetic resins, e. g., acrylic or methyl methacrylate resins, are particularly suitable for the fabrication of certain aircraft components such as canopies, window closures, nose and fuselage sections or panels, etc.

"When these materials are fabricated into aircraft components and embodied in an aircraft they become subjected to wide temperature variations, as well as severe vibration, pressures, and buffeting during flight. Since these resins are thermo-plastic, and hence very sensitive to temperature, units or components fabricated therefrom expand and contract through a relatively wide range during a flight due to the wide temperature variations to which they are subjected. These temperatures may vary from —70° F. to as high as 140° F. during a single flight. The relatively rapid expansion and contraction of the units or components coupled with the vibrations of the aircraft and the unbalanced forces imposed thereon resulting from the mounting of the components in the aircraft structure frequently cause the component to warp and/or craze which not infrequently results in the complete shattering or destruction thereof."

Those and other undesirable characteristics of components of the type of material hereinbefore described, according to appellants, appeared to be concentrated in the means by which the component is mounted to the metallic airplane structure. They undertook to overcome these undesirable characteristics, as thus succinctly described in the decision of the board:

"The appealed claims are for a laminated sheet of acrylic resin having a- fabric, impregnated with the same resin, extending from its edges. This fabric extension constitutes a strong mounting member for the laminated sheet and is inserted between the laminae and integrally bonded thereto by virtue of fusion of the resins in the layers."

The subject matter of the appealed claims originally formed part of appellants' copending application No. 658,568 and was voluntarily divided therefrom by appellants prior to the date it matured into the patent to Martin et al. No. 2,511,168, hereinbefore cited and considered by the tribunals of the Patent Office as the principal reference.

The subject matter defined by the claims of the patent was shown in Figs. 1–3 of the drawings and relates to a means for mounting sheets of plastic, whereby the form of a fabric reinforced member is made of the same material as the plastic sheet to be mounted. The latter has a slot in the edge to receive the said reinforced member in fitted engagement and is welded thereto by solvent action or the like in such a manner that for all practical purposes it becomes an integral part of the sheet.

The subject matter disclosed in the instant application and defined by the limitations of the appealed claims relates to the structure shown in Fig. 4 of appellants' patent, wherein the mounting member is applied to a laminated sheet rather than a single panel as shown in Figures 1 and 3, hereinbefore described. The slot for the mounting member in this instance is· formed by terminating an ʹadhesive layer short of the outer boundaries of the composite sheet.

Appellants concede in their brief, and the art of record discloses, that the re-

spective patents to Watkins, Swedlow, and Neher et al. teach that laminated plastic panels are both old and in use in the airplane industry. These references will not therefore be further discussed.

The examiner's rejection of the appealed claims on the disclosure of the patent to Warren et al. was not sustained by the board. That rejection will not likewise be further considered here. The issue presented is accordingly based on the following action of the board:

"Appellants were granted patent 2,511,168 on a single sheet of acrylic resin having such a fabric member embedded therein and integrally united with the edge portion of the sheet. The Examiner has rejected claims 1, 2, 3 and 5 thru 8 as unpatentable over claim 1 of this patent because he sees no additional invention in the laminated construction of the appealed claims because it is well known, as disclosed by any one of Watkins, Neher et al. or Swedlow. These auxiliary references admittedly disclose laminated acrylic resin sheets, those of Neher et al. and Swedlow being intended for use in aircraft window construction. Each of these references discloses two acrylic resin sheets bonded to an interlayer of polyvinyl resin. We will sustain this ground of rejection. In our opinion no additional invention is represented by the recital of the laminated sheet as distinguished from the single sheet of the patented claim because such laminated construction is old and well known in this art."

We agree with the conclusions thus expressed by the board, together with its further rejection of appellants' contention that their copending patent cannot be used as a reference except on the ground of double patenting and that the appealed claims are for a distinct and different species from that claimed in their patent. In re Borcherdt, 197 F.2d 550, 39 C.C.P.A., Patents, 1045; In re Asseff, 173 F.2d 253, 38 C.C.P.A., Patents, 867; In re Sherman, 121 F.2d 527, 28 C.C.P.A., Patents, 1329. The authorities relied upon by appellants to establish a different legal right are deemed inapposite.

For the reasons stated, the decision of the board is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate here in place of GARRETT, C. J.