CORBIN DEPOSIT BANK OF CORBIN, KENTUCKY, Ed Peace and Lucy Peace

v.

UNITED STATES.

Ed PEACE and Lucy Peace

v.

UNITED STATES.

Nos. 12990, 12991.

United States Court of Appeals
Sixth Circuit.

May 15, 1957.

Charles F. Wood and Bernard H. Barnett, Louisville, Ky., Greenebaum, Barnett & Wood, Louisville, Ky., of counsel, for appellants.

Kenneth E. Levin, Washington, D. C., Charles K. Rice, Lee A. Jackson, Hilbert P. Zarky, Meyer Rothwacks, Washington, D. C., Henry J. Cook, U. S. Atty., Lexington, Ky., on the brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court requiring appellants to produce certain bank records for the years 1936 through 1951 in compliance with a summons of the Bureau of Internal Revenue. Probable cause supporting the issuance of the summons was established by the testimony of an internal revenue agent who enumerated facts showing reasonable grounds for a suspicion of fraud. Globe Construction Co. v. Humphrey, 5 Cir., 1956, 229 F.2d 148. The appellants contend, however, that the district court erred in refusing to permit them to introduce evidence for the purpose of proving that the taxpayers in fact had filed honest returns.

Appellants rely strongly upon Zimmerman v. Wilson, 3 Cir., 1936, 81 F.2d 847, where internal revenue agents were enjoined from conducting an investigation on the ground that it was an unreasonable search. In that case the agents gave no reasons to justify the investigation other than "that they acted on the orders of their superiors." On remand upon a showing by the Government of the facts

giving rise to the investigation, the injunction was dissolved. D.C.E.D.Pa., 1938, 25 F.Supp. 75. The Court of Appeals affirmed in an opinion which sharply limited the scope of its decision in the first Zimmerman case. 3 Cir., 1939, 105 F.2d 583; see also, McMann v. Securities and Exchange Comm., 2 Cir., 87 F.2d 377, 109 A.L.R. 1445, certiorari denied McMann v. Engle, 1937, 301 U.S. 684, 57 S.Ct. 785, 81 L.Ed. 1342.

Appellants are in effect claiming that before the Bureau of Internal Revenue can conduct an investigation the issue of whether fraud has in fact been committed must first be litigated. Such a requirement would virtually nullify the investigative powers enumerated in §§ 7601 through 7607 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 7601–7607. If the Government takes further action on the basis of this investigation, the taxpayers will have ample opportunity to offer their defenses. The attempt to assert them here is premature.

 In addition to appealing on the merits, the appellants have filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., asking that the order of the district court be vacated and a new trial ordered, on the ground that there was "a material misrepresentation or material misconduct on the part of the appellee, United States of America," prejudicing the appellants' rights. In support of this motion it is represented that in February, 1957, final notices of assessment of taxes were filed against the appellants Ed Peace and Lucy Peace, covering the years 1951, 1953, and 1954, calculated for each year by use of a net worth computation. It is argued that this conduct is evidence that the appellee's agents were guilty of misrepresentation when they testified at the hearing below that inspection of the records in question was necessary in order to make accurate net worth computations.

We do not agree that the filing of the notices of assessment evidences misrepresentation, misconduct, or bad faith. Prior to the hearing in the district court notices of assessment for the years 1950 and 1952 had been filed, and substantially the same argument which the appellants now make was rejected by the district judge. Perhaps the appellee's agents will upon examining the bank records find nothing of which they are not already aware, but they obviously cannot know what they will find until they look.

Section 6212(c) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6212(c) (1) authorizes the filing of a further deficiency notice in the event of fraud. Even in the absence of fraud, the Tax Court has jurisdiction to increase a deficiency over and above that specified in the notices. § 6214(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 6214(a).

The order is affirmed, and the motion to vacate is denied.