Edwin A. EBERHART, Special Agent of the Intelligence Division of the Internal Revenue Service of the United States, Plaintiff-Appellee,

v.

BROADROCK DEVELOPMENT CORPORATION, Defendant-Appellant.

Edwin A. EBERHART, Special Agent of the Intelligence Division of the Internal Revenue Service of the United States, Plaintiff-Appellee,

v.

STEEL EQUIPMENT COMPANY, Defendant-Appellant.

Nos. 14562, 14563.

United States Court of Appeals Sixth Circuit.

Dec. 14, 1961.

---

8. Nothing herein is to be deemed to preclude the judge from taking any further action with respect to directors or officers that he may find appropriate as a result of our decision in Docket Nos. 27000 and 26962.

John Kennedy Lynch, Cleveland, Ohio (Raymond E. Cookston, Cleveland, Ohio, on the brief), for appellants.

William A. Friedlander, Dept. of Justice, Wash., D. C. (Louis F. Oberdorfer, Lee A. Jackson, Meyer Rothwacks, Dept. of Justice, Washington, D. C., on the brief), for Edwin A. Eberhart.

Before WEICK and O'SULLIVAN, Circuit Judges, and DARR, District Judge.

PER CURIAM.

These appeals are from orders of the District Court requiring appellants to obey summons issued by a special agent of the Intelligence Division of the Internal Revenue Service pursuant to 26 U.S. C. 1958 ed. § 6501 which required the appearance and production of corporate books and records.

The special agent filed affidavits indicating his belief that the principal officer and stockholder of the corporations had transactions with them which resulted in taxable income to him which was fraudulently omitted from his 1956 and 1957 income tax returns.

A hearing was conducted by the District Judge at which testimony was taken in behalf of the Government and the defendants. At the conclusion of the hearing the District Judge found that special agent had reason to suspect that there was fraud in the handling of travel expenses and he entered the orders from which these appeals have been taken.

No previous examination had been made of the books and records of the Development Corporation.

In the Steel Equipment case, it is contended that the examination was unnecessary because the corporation's books had previously been examined and that the statute of limitations had run with

respect to the year 1955 and previous years. 26 U.S.C. 1958 ed. § 7605; 26 U.S.C. 1958 ed. § 6501. The Secretary or his delegate had served a letter notifying the corporation that an additional inspection of the records was necessary This letter was sufficient under the statute to authorize the examination with respect to the years 1956 and 1957. The question remains whether inspection of records for the years allegedly barred by the statute of limitations was necessary. The statute of limitations does not apply to fraudulent returns. 26 U.S.C. § 6501 (c).

While the evidence with respect to the fraudulent travel expenses concerned the tax years 1956 and 1957, there was also some testimony as to lack of records to support the deductions claimed for travel expenses in previous years. The District Judge did not limit the investigation to the later years as there was at least an inference that fraud extended into some of the previous years. In our judgment, this was sufficient to authorize the examinations. Foster v. United States, 265 F.2d 183 (C.A.2); Corbin Deposit Bank of Corbin v. United States, 244 F.2d 177 (C.A.6); Peoples Deposit Bank & Trust Co. v. United States, 212 F.2d 86 (C.A.6). The findings of fact of the District Judge as well as inferences drawn therefrom are binding on us unless clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed. 2d 1218. We do not find them clearly erroneous.

There is no merit in the contention that the Fourth and Fifth Amendments to the Constitution were violated. United States v. Wallace & Tiernan Co., 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042; Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Goldberg v. Truck Drivers Local Union No. 299, etc., 293 F.2d 807 (C.A.6).

The orders of the District Court are affirmed.