**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bayard Edward RYAN, Defendant-**
**Appellant.**

**No. 14945.**

United States Court of Appeals
Sixth Circuit.

Aug. 1, 1963.

William R. Bagby, Lexington, Ky., for appellant.

Joseph M. Howard, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, John M. Brant, Attys., Dept. of Justice, Washington, D. C., Bernard T. Moynahan, Jr., U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before CECIL, Chief Judge, WEICK, Circuit Judge and McALLISTER, Senior Circuit Judge.

WEICK, Circuit Judge.

This appeal is from an order of the District Court enforcing summons issued by an agent of the Internal Revenue Service which required appellant taxpayer to appear, testify and produce his books and records for the years 1942 to 1953 inclusive.

Taxpayer had refused to produce his books and records in response to the summons. His claim was that collection of the tax for the years in question was barred by the statute of limitations except for fraud and therefore the agent had no right to make the examination. His attorney, however, offered to comply with the summons if the agent satisfied him that there were reasonable grounds for suspicion of fraud.

In the complaint filed in the District Court, it was alleged that "pursuant to a net worth estimate of the defendant's assets which had been conducted by Donald Whelan [the Internal Revenue agent] concerning the period from 1942 through 1953 reasonable grounds exist for a strong suspicion that the defendant * *

has made a fraudulent understatement of income in the income tax returns submitted by him * * * during those years." It was also alleged that the records described in the summons "are relevant and material to the question of tax liability [taxpayer's] * * * and that the summons * * * is not unreasonable under the circumstances."

At the hearing in the District Court, Internal Revenue Agent Whelan testified that as a result of his examination of taxpayer's records for 1954–1958 he determined a deficiency; that it is necessary to examine taxpayer's books and records for the years 1942–1953 for two reasons. First, in order to determine taxpayer's correct tax liability for those years and second, to procure information for net worth computations for the years 1954–1958.[1]

■ It is taxpayer's position that in order to entitle the government to enforcement of summons with respect to the barred years, it "must establish to the satisfaction of the District Court that a reasonable basis exists for his suspicion of fraud or that probable cause exists to believe the taxpayer was guilty of fraud." He asserts that the testimony of the agent falls short of proving this requirement.

The pertinent provisions of the statutes appear in Chapter 78 of the Internal Revenue Code of 1954 under the heading "Discovery of Liability and Enforcement of Title." The title to Subchapter A is "Examination and Inspection."

26 U.S.C. § 7602 provides in part as follows:

"For the purpose of ascertaining the correctness of any return, * * * determining the liability of any person for any internal revenue tax, * * * the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which

---

1. We are advised that since the hearing in the District Court taxpayer settled with the government for the years 1954–1958. This settlement would not affect the right which the government may have to obtain the records to determine taxpayer's correct tax liability for 1942–1953.

may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

Section 7603 provides for the service of summons.

Section 7604 confers jurisdiction on the District Court to enforce compliance with the summons.

These sections of the Code confer broad investigative powers on the Secretary to aid him in the performance of his statutory duties and provide a summary procedure in court to enforce compliance with the summons. Nowhere has Congress required the Secretary to establish, as a condition precedent to the exercise of his right to investigate, that he have a reasonable basis therefor or probable cause to suspect criminality. We do not think this investigative proceeding is at all analogous to a preliminary hearing in a criminal case where probable cause must be shown in order to hold the defendant for the grand jury. No charge has yet been made. The Secretary is desirous only of making an investigation. If he had the facts to establish probable cause he might not need to make any investigation.

The only restriction provided by Congress is against making "unnecessary examination or investigations." 26 U.S.C. § 7605(b).

■ We think the District Court was justified in concluding from the testimony of the Internal Revenue Agent that he ought not to disturb the determination made by the Secretary that the investigation was necessary.

■ To construe the statute as contended by the taxpayer would seriously curtail the powers of investigation granted to the Secretary by Congress. It would impose a condition precedent on the exercise of that power not authorized by Congress. It would permit the court and not the Secretary to determine whether an investigation was necessary. It would hamper the Secretary in the performance of his statutory duties. It would convert a summary enforcement proceeding into a full scale trial to determine whether the Secretary had reasonable grounds or probable cause for the investigation. This is not to say that the court is without power to determine whether the investigation is being made in good faith for one of the purposes authorized by the statute or to relieve against oppressive procedures. Goldberg v. Truck Drivers Local Union No. 299, 293 F.2d 807, 814 (C.A.6), cert. denied 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337.

In Peoples Deposit Bank & Trust Co. v. United States, 212 F.2d 86 (C.A.6), cert. denied 348 U.S. 838, 75 S.Ct. 37, 99 L.Ed. 661 we accepted the testimony of a special agent who had a strong suspicion that a false and fraudulent return was made by the taxpayer. We held that the agent was not required to disclose in detail the facts relative to his investigation nor was the District Court obliged to require proof of facts showing reasonable grounds that the returns were false and fraudulent.

In Eberhart v. Broadrock Development Corp., 296 F.2d 685 (C.A.6), cert. denied Steel Equipment Co., 369 U.S. 871, 82 S.Ct. 1139, 8 L.Ed.2d 275 we held that the evidence offered by the government was sufficient to justify the order compelling compliance.

In Goldberg v. Truck Drivers Local Union No. 299, supra, we refused to impose a probable cause condition on the right of the Secretary of Labor to make an investigation under the powers conferred upon him by the Landrum-Griffin Act.

Other cases not requiring the establishment of probable cause as a condition precedent to a tax investigation are Falsone v. United States, 205 F.2d 734 (C.A. 5); Foster v. United States, 265 F.2d 183 (C.A.2); McDermott v. John Baumgarth Co., 286 F.2d 864, 867 (C.A.7); DeMasters v. Arend, 313 F.2d 79 (C.A. 9).

We do not follow the decisions in O'Connor v. O'Connell, 253 F.2d 365 (C. A.1) and Lash v. Nighosian, 273 F.2d 185 (C.A.1) relied on by taxpayer which represent a minority view.

■ Another reason advanced by taxpayer for refusing the examination is that the original returns for the years in question are no longer in existence and without the returns the government could not impeach them for fraud citing Drieborg v. Commissioner, 225 F.2d 216 (C.A. 6). The rule in Drieborg does not apply to an investigative proceeding. We cannot anticipate here the government's proof in another case as to the contents of the income tax returns assuming that the originals are unavailable.

■ The taxpayer further argues that since a deficiency had been assessed as to tax year 1945 in 1948, the Commissioner was required to send a statutory letter requesting a reexamination for that year. 26 U.S.C. § 7605. The government relies on Norda Essential Oil & Chemical Co. v. United States, 230 F.2d 764 (C.A.2), cert. denied 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 where it sought records for two tax years which had already been examined but were required for reexamination in determining a tax liability for a third year. The court held that under section 7605 each taxable year was a unit by itself which could be separately examined and that since this was the first inspection for the third year, the records of the other two years, relevant to the third year, could be examined. If the Commissioner was redetermining the tax liability for those two years, a statutory notice would be required. Here, it would appear that the Commissioner could examine any records for the years 1942–1953 in determining tax liability and possibility of fraud for any of those years, with the exception of the year 1945. If a reexamination as to 1945 is sought, a statutory notice appears to be required.

The claim is further made that taxpayer does not have all of the books, records and papers called for in the summons and therefore cannot produce something which he does not have. In the District Court he claimed that he was not required to supply any of the records. Whether he is able to produce any particular record will have to be determined in the District Court.

The judgment of the District Court is affirmed.