JOE W. SHEEHY
UNITED STATES
DISTRICT JUDGE
Civ. Order Book, Vol. 20, Page 89.

**UNITED STATES of America and William D. Rowles, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**Richard WOZNIAK, as office manager and treasurer of W. D. Gale, Inc., Respondent-Appellant.**

**No. 17142.**

United States Court of Appeals
Sixth Circuit.

Aug. 3, 1967.

J. Bruce Donaldson, Detroit, Mich., for appellant, John J. Raymond, W. Ralph Musgrove, Raymond, Chirco, Fletcher, Donaldson & Ruwart, Detroit, Mich., on the brief.

John M. Brant, Atty., Dept. of Justice, Washington, D. C., for appellees, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, John J. Gobel, Attys., Dept. of Justice, Washington, D. C., on the brief, Lawrence Gubow, U. S. Atty., Detroit, Mich., of counsel.

Before PHILLIPS and PECK, Circuit Judges, and CECIL, Senior Circuit Judges.

JOHN W. PECK, Circuit Judge.

The facts in this case are not in dispute. Respondent-appellant, office manager and treasurer of W. D. Gale, Inc., was summoned to appear before a special agent of the Internal Revenue Service to give testimony and produce designated journals, ledgers, cancelled checks and invoices of the company for the years 1956 through 1960.

Respondent appeared before the designated Special Agent, but, prefacing a formal statement with the phrase, "Upon the advice of Counsel," declined to produce any records. That statement pointed out that the summons (served September 10, 1965) concerns years closed to assessment by the normal three-year Statute of Limitations, and argued that those records are therefore not relevant or material to "any legally authorized inquiry." The statement further related that the years in question had been previously audited by the Internal Revenue Service, that the deficiencies asserted as the result of that audit had been paid and that in reliance on the finality of that audit taxpayer had previously destroyed "most of the records called for."

Petitioners-appellees thereafter sought and obtained an order of the District Court requiring compliance with the summons, including production of all documents called for by it, and the present appeal is from that order.

The applicable Statute of Limitations provision referred to is 26 U.S.C. § 6501 (a). Its application is not challenged by the Internal Revenue Service, and it is specifically conceded that no charge of fraud has been made and that therefore the exception of section 6501(c) (1) does not apply. Rather, the affidavit of the Special Agent accompanying the summons merely stated that upon his investigation he had "determined that it is necessary to examine [the records in question] in order to ascertain the correctness of the * * * returns of W. D. Gale, Inc." No other statement or showing of need having been presented by petitioners, respondent has accurately characterized this allegation as "a

naked assertion of necessity to ascertain correctness of returns." Thus the question presented by this appeal is whether where the period concerned in records sought is barred by the Statute of Limitations, the years covered have been previously audited and the tax liabilities determined and paid as a prerequisite to enforcing compliance with a summons ordering production of such records, any showing beyond such a naked assertion of necessity to ascertain correctness of returns is required.

■ Disposition may first be summarily made of appellant's contention that because justifiable destruction had been made of some of the records production of the balance should not be compelled since "as a result of  *  *  *  examination of the fragmentary books which are available" the taxpayer might be placed in an impossible defensive position. The statute under which production is sought (26 U.S.C. § 7602) refers to all records "which may be relevant or material", without reference to their completeness. Further, the objection is premature since it cannot be determined in advance which records are and are not available, and their interrelationship, if any. Thus objection on this score must wait until a claim of an unfair use of such records as may be produced is claimed to be made. Finally, although for present purposes it is assumed that such destruction as may have occurred was justifiable, an examination of the remaining records may establish that some were done away with after the earlier audit failed to uncover details antagonistic to the taxpayer. If appellant's contention in this regard were to prevail, any taxpayer could avoid production by alleging a partial destruction of its records.

■ As has been indicated, appellees have sought production of the records in question under the provisions of Title 26, Section 7602. That statute provides in pertinent part as follows:

"For the purpose of ascertaining the correctness of any return,  *  *  *  the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act,  *  *  *  to appear before the Secretary or his delegate  *  *  *  and to produce such books, papers, records, or other data,  *  *  * "

That the appellant is the proper person upon whom to make service for the production of the records under this statute is not contested, the real issue being the construction to be placed on an analogous decision of the Supreme Court in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Appellees contend that *Powell* requires production, while appellant argues that appellees have not fulfilled the prerequisites to production specified in that opinion.

Powell was president of the taxpayer corporation involved in that case, and as here appeared before the agent of the Internal Revenue Service obedient to summons but refused to produce the records therein specified. Also as in the present situation, the taxpayer's returns had been previously examined, and the three-year statute of limitations barred assessment of additional deficiencies for those years except in cases of fraud, and Powell therefore contended that he could not be required to produce the records until the Service indicated some grounds for belief that a fraud had been committed. There as here the agent declined to give any such indication and enforcement of the summons was sought in the District Court. The accompanying affidavit of the agent was similar to that in the present case except that a statement was contained indicating "that the agent had reason to suspect that the Taxpayer had fraudulently falsified its  *  *  *  returns by overstating expenses." The Third Circuit Court of Appeals (325 F.2d

914), reversing the District Court, withheld enforcement of the summons on the ground that re-examination of the records was barred by the provisions of 26 U.S.C. § 7605(b) unless the Service demonstrated that it possessed information "which might cause a reasonable man to suspect that there had been fraud in the return for the otherwise closed year." (p. 915.) The Supreme Court stated (379 U.S. p. 51, 85 S.Ct. p. 251):

"We reverse, and hold that the Government need make no showing of probable cause to suspect fraud unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process, predicated on more than the fact of re-examination and the running of the statute of limitations on ordinary tax liability."

In *Powell* and in the present case production was resisted under the provisions of 26 U.S.C. § 7605(b).[1] That statute protects against "unnecessary examination" unless the Service gives notification that an additional inspection is "necessary." With reference to that limitation, the Supreme Court in *Powell* stated (p. 53, 85 S.Ct. p. 252):

"We do not equate necessity as contemplated by this provision with probable cause or any like notion. If a taxpayer has filed fraudulent returns, a tax liability exists without regard to any period of limitations. Section 7602 authorizes the Commissioner to investigate any such liability. If, in order to determine the existence or nonexistence of fraud in the taxpayer's returns, information in the taxpayer's records is needed which is not already in the Commissioner's possession, we think the examination is not 'unnecessary' within the meaning of § 7605(b). Although a more stringent interpretation is possible, one which would re-

quire some showing of cause for suspecting fraud, we reject such an interpretation because it might seriously hamper the Commissioner in carrying out investigations he thinks warranted, * * *"

As has been pointed out, the only point of distinction between the affidavits in the cause here reviewed and in *Powell* is the inclusion in the Powell affidavit of the agent's suspicion of fraudulent falsification. However, the absence here of that clearly conclusionary statement, as contrasted with an allegation of facts supporting such a conclusion, is without significance. Indeed, the inclusion of such an allegation of suspicion could serve only the dubious purpose of stigmatizing the taxpayer by causing that suspicion to become a matter of public record. We decline to require the attaching of such a stigma.

It is to be noted, as is pointed out in *Powell*, that a party in the position of the appellant is not without protection, since he possesses the right to "challenge the summons on any appropriate ground" (*Powell*, p. 58, 85 S.Ct. p. 255, quoting Reisman v. Caplin, 375 U.S. 440, 449, 11 L.Ed.2d 459, 84 S.Ct. 508). Although the burden of doing so would have been upon him, appellant was at liberty to show that the summons was issued for an improper purpose. Appellant's capacity to sustain this burden would in no way have been affected nor his position bettered had the affidavit contained a contention of suspicion of fraud. Appellant made no attempt to avail himself of such right, however, causing the District Court in its memorandum opinion to observe, "The respondent does not question the good faith or motive of the Government, a defense * * * approved by *Powell*."

In a case presenting similar facts (United States of America v. Ryan, 320 F.2d 500, 502 (1963)) this Court, speaking through now Chief Judge Weick, stat-

---

1. "(b) Restrictions on examination of taxpayer.—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

ed, "To construe [26 U.S.C. § 7605(b)] as contended by the taxpayer would seriously curtail the powers of investigation granted to the Secretary by Congress. It would impose a condition precedent on the exercise of that power not authorized by Congress. It would permit the court and not the Secretary to determine whether an investigation was necessary. It would hamper the Secretary in the performance of his statutory duties. It would convert a summary enforcement proceeding into a full scale trial to determine whether the Secretary had reasonable grounds or probable cause for the investigation."

Enforcement of the summons was ordered by this court in *Ryan*, and that determination was affirmed by the Supreme Court in an opinion announced on the same day as the *Powell* announcement (Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122). It is here concluded that those two cases are dispositive of the issues here presented, and the order of enforcement entered by Chief Judge Theodore Levin in the present case is affirmed.