In the Matter of **UNITED STATES** of America and Internal Revenue Agent **Linda C. Pugh**

v.

**James D. NUNNALLY.**

**Civ. No. 67-288.**

United States District Court
W. D. Tennessee, W. D.

Jan. 16, 1968.

12. United States v. National City Lines, Inc., 334 U.S. 573, 581, 582, 586, 68 S.Ct. 1169, 92 L.Ed. 1584 (1948).

Henry L. Klein, Asst. U. S. Atty., Memphis, Tenn., for petitioner.

Tom Mitchell, Jr., Winchester, Goff, Winchester & Walsh, Memphis, Tenn., for respondent.

## OPINION

ROBERT M. McRAE, Jr., District Judge.

This is a proceeding brought under authority of 26 U.S.C. § 7604 to judicially enforce an Internal Revenue Summons. The petition alleges that the respondent was summoned to appear before Agent Linda C. Pugh on September 26, 1967, under the authority of 26 U.S.C. § 7602, and to bring with him certain books and records, including cancelled. checks and deposit slips of his checking account.

The petition further asserts that the respondent appeared as directed but, through his duly authorized legal representative, refused to testify and refused to produce the records referred to in the summons.

The taxpayer has responded to the petition with a Motion to Vacate, to which is attached nine exhibits. Respondent has also filed interrogatories and given notice to take the discovery deposition of Agent Pugh. The United States has filed Objections to the Interrogatories and a Motion to Quash the Notice to take the Deposition of Agent Pugh. Briefs have been submitted and oral arguments have been heard on the pending motions and objections.

The Motion to Vacate and the exhibits attached thereto assert facts and incidents which show a complex background of activities and proceedings between the taxpayer and the Internal Revenue Service Respondent asserts that his records for the taxable years in question, namely, 1964 and 1965, were first examined during and after November 1966 by Agent Pugh. On or about January 23, 1967, the

agent requested respondent's attorney to produce records of the respondent, including the cancelled checks and deposit slips referred to in the summons. The agent was advised to obtain bank records from the bank. A summons was served upon an officer of the bank and some information, including the amount of total deposits by the respondent was obtained pursuant to that summons. The detailed information in the form of cancelled checks and deposit slips was neither sought nor obtained from the bank officer. On March 27, 1967, Agent Pugh served an Administrative Summons upon the respondent requesting the cancelled checks and deposit slips. On March 28, 1967, the agent was advised by a letter from the respondent's attorney that respondent would appear in obedience to the summons but would not produce the records. Respondent's attorney, in the letter, suggested in the interest of saving time that the agent "process this matter for further proceedings of enforcement which you might care to initiate." On March 29, 1967, the agent wrote the respondent and indicated that the Internal Revenue Service, acting through her, planned to include the total amount of deposits in his income for the years in question and further planned to make whatever adjustments deemed necessary to protect the government's interest.

Subsequent thereto, the respondent's attorney and the District Director of Internal Revenue for the taxpayer's district, exchanged correspondence concerning the proposed adjustment. In this correspondence the District Director, on August 10, 1967, indicated that the adjustment imposed by Agent Pugh was not being forwarded to the Appellate Division because further consideration was being given to the proposed adjustment. On September 11, 1967, Agent Pugh wrote to the attorney for the respondent and included the summons which is the basis for the pending petition and two re-examination letters. These letters indicate thereon that they are Form L–153

(Rev. 8–66). The body of the letter is printed and it states that the letter is sent in compliance with § 7605(b) of the Internal Revenue Code. The name of the taxpayer, his address, the type of tax and the year are typed in. "Yours very truly" is printed at the end of the letter and below that is printed the words "REGIONAL COMMISSIONER", with a space for a signature. The copies of the letters forwarded to the taxpayer in the instant case had neither a signature nor a typed or stamped name above the words "REGIONAL COMMISSIONER".

The petition, seeking enforcement of the summons, merely recites that it is based upon 26 U.S.C. § 7604, and does not indicate upon which subsection it is based. Inasmuch as the respondent did not wholly make default nor contumaciously refuse to comply, this proceeding is a 7604(a) proceeding. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112. The petition is an adversary proceeding and the respondent possesses the right to "challenge the summons on any appropriate ground." United States v. Powell, supra; United States v. Wozniak, 381 F.2d 764 (C.A.6, 1967). In the *Powell* case the Supreme Court said:

> "It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." United States v. Powell, supra, 379 U.S. at p. 58, 85 S.Ct. at p. 255.

In Footnote 18 of the Powell opinion, the Supreme Court indicated that the Federal Rules of Civil Procedure apply in a 7604(a) proceeding.

The respondent has the right to use the discovery procedures allowed by the rules in appropriate circumstances.

United States v. Howard, 360 F.2d 373 (C.A.3, 1966); United States v. Moriarty, 278 F.Supp. 187 (D.C.E.D.Wis. 1967); Kennedy v. Rubin, 254 F.Supp. 190 (D.C.N.D.Ill.). However, the right to discovery by the respondent does not include the right to harass Internal Revenue officials nor to use discovery for delay; nor does it include the right to obtain privileged information or documents in the hands of government officials.

■ It is therefore ORDERED by the terms hereof that the respondent shall have the right to discovery allowed by the Federal Rules of Civil Procedure for a period of three weeks from the date hereof. This discovery shall be limited to factual information concerning the alleged improper purpose of the summons "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." The Motion to Quash the Notice of Taking of the Deposition of Petitioner Linda C. Pugh, is overruled subject to giving notice for a new date and, further, subject to the limited scope set forth above. The Objections to the Interrogatories presently on file are overruled generally but sustained to the extent that the questions are beyond the scope of the limited area set forth above and, further, to the extent that the answers call for any privileged information.

■ The respondent's motion and argument raises the applicability of 26 U.S.C. § 7605(b) wherein it is required that the Secretary, or his delegate, is required to make an investigation and notify the taxpayer in writing that an additional investigation of taxpayer's records for each taxable year is necessary. In this regard, it is not incumbent upon the government to show "probable cause" for a specific purpose in asserting the necessity for re-examination. United States v. Powell, supra; United States v. Wozniak, supra. The burden is upon the taxpayer to show that the summons was served for an improper purpose. The Motion to Vacate is overruled.