**UNITED STATES of America et al.,
Petitioners,**

v.

**James E. ARTMAN, Respondent,
Decherd Factory To You Store, Inc.,
Intervening Respondent.**

**Civ. A. No. 994.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Feb. 26, 1970.

On Motion to Impound Papers and
Records April 6, 1970.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., Earl Kaplan, Tax Division, Dept. of Justice, Washington, D. C., for petitioners.

Tom Mitchell, Jr., Memphis, Tenn., James H. Henry, Tullahoma, Tenn., for respondent Artman.

Arvin H. Reingold, Chattanooga, Tenn., for intervening respondent Decherd.

### MEMORANDUM OPINION

NEESE, District Judge.

The petitioner Mr. Wilson, a special agent of the Internal Revenue Service, federal Treasury Department, is engaged in an investigation to ascertain the correctness of the income tax returns, for certain respective fiscal years, of the taxpayer Quality Apparel Corporation, of the intervening respondent-taxpayer Decherd Factory To You Store, Inc., and of the taxpayer William V. Held. The respondent Mr. Artman, the accountant for each of these three taxpayers, and a resident of this district and division, admittedly has in his custody certain books and papers of these of his clients.

Agent Wilson summoned Mr. Artman to appear before him and give testimony and produce certain of such records. 26 U.S.C. § 7602. Mr. Artman appeared as thus commanded and, stating his reasons therefor, refused to testify or produce such documents. Thereupon, on July 8, 1969, this proceeding was instituted to enforce such administrative summonses. 26 U.S.C. § 7604(a). "* * Because § 7604(a) contains no provision

specifying the procedure to be followed in invoking the court's jurisdiction, * * *" United States v. Powell (1964), 379 U.S. 48, 58, 85 S.Ct. 248, 255, fn. 18, 13 L.Ed.2d 112, 119, the Court ordered Mr. Artman to appear and show any cause he might have why he should not be compelled to obey the respective summonses served upon him.

At such hearing, the Court granted Mr. Artman ten days in which to answer the petition herein, found that this is an adversary proceeding which affords the respondents a judicial determination of the challenges to such, Reisman v. Caplin (1964), 375 U.S. 440, 445, 446, 84 S.Ct. 508, 512 [5], 11 L.Ed.2d 459, on any appropriate ground, ibid., 84 S.Ct. at 513 [11], and accorded Mr. Artman a full opportunity for judicial review before the imposition herein of any coercive sanctions, ibid., 84 S.Ct. at 514 [14].

The Federal Rules of Civil Procedure applying, United States v. Powell, supra, a pretrial conference was held herein on January 14, 1970, at which the issues were simplified. Rule 16(1), Federal Rules of Civil Procedure. It was agreed that the only issue is whether the summonses were issued solely [1] for the purpose of obtaining evidence for use in a criminal prosecution.

The petitioners have now moved for a summary judgment, Rule 56(a), Federal Rules of Civil Procedure. The affidavit of the agent Mr. Wilson, in support of such motion, Williams v. W. R. Grace & Company, Davidson Chemical Div., D. C.Tenn. (1965), 247 F.Supp. 433, 434 [1], states unequivocally and without dispute,

     *     *     *     *     *     *

2. There is no criminal prosecution pending against the parties to this action or any of the taxpayers involved in this case in any court of the United States at the present time nor was there [such] at the time the summonses involved in this action were issued.

3. This tax investigation has not been completed and no recommendation has been made by your affiant with regard thereto.

     *     *     *     *     *     *

This Court is of the opinion that, as there is no existing criminal prosecution pending against any respondent herein, and has been none since May 1, 1968, when these summonses were issued, that there is no genuine issue of material fact extant between the parties. Circuit Judge Wisdom has well stated the rule, as follows:

It would be a misuse of the tax summons for the IRS to endeavor to use it to obtain evidence for use in an *existing* criminal prosecution. Reisman v. Caplin, [*supra*] 375 U.S. at 449, 84 S.Ct. at 513, 11 L.Ed.2d at 466; Boren v. Tucker, 9 Cir. 1956, 239 F.2d 767, 772–773; United States v. O'Connor, D.Mass.1953, 118 F.Supp. 248. This rule has been applied even when the person summoned and the person prosecuted are not the same. Application of Myers, E.D.Pa.1962, 202 F.Supp. 212.[6]

6. But see In re Magnus, Mabee & Reynard, Inc., 2 Cir. 1962, 311 F.2d 12, which held that indictment of the taxpayer subsequent to the issuance of the summons does not bar judicial enforcement, when the enforcement was delayed as a result of prior judicial proceedings.

However, the mere fact that the evidence obtained through the summons may be later used against the taxpayer in a criminal prosecution is no barrier to enforcement. Wild v. United States, 9 Cir. 1966, 362 F.2d 206 [footnote reference omitted], supra; Sanford v. United States, 5 Cir. 1966, 358 F.2d 685; Boren v. Tucker, supra. Venn v. United States, C.A.5th (1968), 400 F.2d 207, 210–211 [2].

More recently, (now Chief) Circuit Judge Phillips has written:

Where the investigation may produce both civil and criminal evidence,

1. The crux of the respondent's challenge of these summonses is that the sole purpose thereof is to acquire information on which to base a criminal prosecution of the taxpayer Mr. Held for income tax fraud.

the summons under section 7602 is a proper device for obtaining records. See United States v. Powell [*supra*], 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112; Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122, aff'g 320 F.2d 500 (6th Cir.). The burden is on the party objecting to the summons to show that it was used for an unlawful purpose. See United States v. Powell, *supra* at 58, 85 S.Ct. 248; United States v. Nunnally, 278 F.Supp. 843 (D.C.Tenn.)

DiPiazza v. United States, C.A.6th (1969), 415 F.2d 99, 103 [2].

Further, it was held by District Judge Real that,

\* \* \* \* \* \*

All criminal tax investigations to be prosecutable require the "proper civil purpose" of determination of tax liability. Simply stated no tax due—no tax fraud. Howfield, Inc. v. United States, supra [C.A.9th (1969), 409 F.2d 694] compels interpretation of existing case law to be that criminal purpose refers to a criminal prosecution in esse. The Court there says:

"\* \* \* [I]t is clear that summonses to examine taxpayer's records, obtained pursuant to 26 U.S.C. § 7602 may be used even *where their purpose is allegedly to uncover crime, when no criminal case is actually pending against the taxpayer*. Boren v. Tucker, 239 F.2d 767, 9 Cir. 1956. \* \* \*"

United States v. Ruggeiro, D.C.Cal. (1969), 300 F.Supp. 968, 975–976 [5].

Finally, this Court cannot discern the straws in the wind counsel for the respondents hopefully seeks from the Sixth Circuit in this connection. That Court, again through Chief Judge Phillips, has already assumed the following posture:

[T]he summons will not be enforced where to do so would abuse the process of the court.

\* \* \* \* \* \*

We hold that an abuse is not shown by the fact that the government refuses to give up its right to use lawfully acquired evidence in aid of a possible *future* criminal prosecution. [Emphasis supplied.]

United States v. Michigan Bell Telephone Company, C.A.6th (1969), 415 F.2d 1284, 1286 [6].

In accord with all the rationale of the foregoing are: McGarry v. Riley, C.A.1st (1966), 363 F.2d 421, 424 [4], certiorari denied (1966), 385 U.S. 969, 87 S.Ct. 502, 17 L.Ed.2d 433; In re Magnus, Mabee & Reynard, Inc., *supra*, 311 F.2d at 15 [1–3], 16 [4–5], certiorari denied (1963), 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198; United States v. DeGrosa, C.A.3rd (1969), 405 F.2d 926, certiorari denied *sub nom.* Zudick v. United States (1969), 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753; United States v. Mercurio, C.A.5th (1969), 418 F.2d 1213, 1218 [1, 2], petition for certiorari pending.

This Court observed during the pretrial conference that the adoption of the interpretation of 26 U.S.C. § 7602 urged by respondents' counsel would appear to render an act of the Congress virtually ineffectual. At that time the Court was not aware of the following expression of Circuit Judge Moore:

\* \* \* If a taxpayer were permitted to challenge every summons issued to a third person who might have books, records or information relating to the ascertainment of tax liability, the government's search for data to establish the truth or falsity of returns or the proper tax if no returns would be completely blocked. [Footnote reference omitted.] Adequate protection against violation of taxpayers' constitutional rights is afforded by safeguarding their own records against illegal search and seizure and by enforcement of the law against self-incrimination. However, to hold that information cannot be obtained under Section 7602 merely because it may be used in criminal proceedings would virtually write that Section out of the statute. \* \* \*

In re Magnus, Mabee & Reynard, Inc., *supra*, 311 F.2d at 16.

This Court has no difficulty in granting enforcement: the law is plain that that prospect of a criminal prosecution of a respondent herein, which is not yet in being, is no barrier to such.

 In deciding a motion for a summary judgment, the record must be viewed from the position of a trial judge confronted with a motion for a directed verdict at the conclusion of the respondents' case. Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.Supp. 549, 551 [4]. Were the writer confronted with a motion for a directed verdict at the conclusion of the respondents' case herein, when an ultimate decision favorable to them rested upon the legal proposition that no criminal prosecution was extant against them, he would be compelled to grant the petitioners' motion for a directed verdict. Thus, the petitioners' motion for a summary judgment must be granted.

The respondents hereby are denied all relief. Summary judgment will enter granting the petitioners enforcement of the aforementioned summons of May 1, 1969.

### On Motion to Impound Papers and Records

By summary judgment of February 26, 1970, this Court granted enforcement of certain administrative summonses against the respondent Mr. Artman, along with the other respondents, who gave notice of an appeal from that decision on March 6, 1970. Before this Court could act on Mr. Artman's motion for a stay of enforcement pending appeal, the United States Court of Appeals for the Sixth Circuit, through Honorable John W. Peck, Circuit Judge, granted such a stay. The petitioners moved this Court on March 19, 1970 to impound the papers and records made the subject of said summonses, pending the appeal. " * * * The notice of appeal operated to transfer jurisdiction of * *" this proceeding to the United States Court of Appeals for the Sixth Circuit, and therefore this District Court has " * * * no jurisdiction to act except

in aid of the appeal as authorized by the Fed.R.Civ.P. Keohane v. Swarco, Inc., 320 F.2d 429 (6th Cir.); United States v. Frank B. Killian Co., 269 F.2d 491 (6th Cir.). * * *" Hogg v. United States, C.A.6th (1969), 411 F.2d 578, 580 [2]. The petitioner, the United States of America, claims that its motion for the impoundment is in aid of the appeal, in that: " * * * Under the Federal Rules of Appellate Procedure (See Rule 11), the District Court may do whatever is necessary to protect and preserve the record while an appeal is pending. * *" That Rule is not as all-encompassing as urged by the petitioner. The only authority this District Court appears to have in the premises is to transmit to the Court of Appeals, at the request of a party, such parts of the original record herein as any party shall designate in aid of the petitioner's motion for an intermediate order of impoundment. Rule 11 (g), Federal Rules of Appellate Procedure.

The petitioner's motion of March 19, 1970, therefore, hereby is

Denied, for want of jurisdiction in this Court.