R. H. Crosby, Jr., and Elizabeth H. Crosby v. Commissioner. Richard C. Crosby and Dorothy R. Crosby v. Commissioner.
Crosby v. Commissioner
Docket Nos. 2308-69, 2361-69.
United States Tax Court
T.C. Memo 1970-286; 1970 Tax Ct. Memo LEXIS 75; 29 T.C.M. (CCH) 1335; T.C.M. (RIA) 70286; October 6, 1970, Filed Floyd J. Logan, for the petitioners. Robert D. Hoffman, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined deficiencies in the income taxes of the petitioners as follows: Docket No. 2308-69
Year
Tax
Addition to tax undersec. 6653(a) I.R.C. 1954
1965
$4,266.47
$213.32
1966
4,540.62
227.03
Docket No. 2361-69
Year
Tax
1965
$3,971.75
$198.59
1966
4,100.46
205.02
The parties have disposed of all issues except that relating to a claimed unnecessary examination of petitioners' returns and an improper second inspection of petitioners' books and records under section 7605(b). [1]
All of the facts have been stipulated and are found accordingly. Petitioners *76 R. H. Crosby, Jr., and Elizabeth H. Crosby are husband and wife who had their legal residence in DeRidder, Louisiana, at the time the petition herein was filed. Petitioners Richard C. and Dorothy R. Crosby are husband and wife who also had their legal residence in DeRidder, Louisiana, at the time the petition herein was filed. During the years in question, all petitioners were shareholders in Crosby Chemicals, Inc., and both husbands were officers of the corporation. R. H. Crosby, Jr., was president and Richard C. Crosby was vice president. The books and records of all petitioners for the years in question were examined at least once prior to December 16, 1968. As a result, petitioners in Docket No. 2361-69 were notified that no change was necessary in their tax liability as reported for 1965 and 1966, as well as 1964. Petitioners in Docket No. 2308-69 received a similar notification for 1965. By letter dated December 16, 1968, petitioners' counsel, William E. Logan, was informed by Revenue Agent Paul C. Foy that a reconsideration of the 1965 and 1966 returns of petitioners was necessary. The letter added, "However, I do not believe that it will be necessary to reexamine their *77 records." Foy requested Logan to have petitioners agree to extend the period of limitations with respect to assessment for the taxable year 1965. Logan replied that, in the absence of a letter from the Commissioner or his delegate authorizing a reexamination of the returns, he was unable to recommend that petitioners agree to the extension. Foy requested and received the appropriate administrative permission to reopen the examination of petitioners' 1965 and 1966 returns. Subsequently, the returns on file with the respondent were reexamined. Foy also examined the books and records of Crosby Chemicals, Inc. At no time during the examination of Crosby Chemicals, Inc., did Foy contact petitioners except by the letter requesting an extension of the period of limitations. On March 10, 1969, the statutory notices of deficiency involved herein were issued. Section 7605(b) provides: SEC. 7605. TIME AND PLACE OF EXAMINATION. * * * (b) Restrictions on Examination of Taxpayer. - No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise *78 or unless the Secretary or his delegate, after invvstigation, notifies the taxpayer in writing that an additional inspection is necessary. 1336 Petitioners appear to be contending that the reconsideration of their returns by Revenue Agent Foy was "unnecessary" because they had been previously examined with respect to their tax liability for the years in question. But the fact that there has been a previous examination is in and of itself insufficient to bring the statutory prohibition into play. The legislative history of the prohibition in section 7605(b) against "unnecessary" examinations by the I.R.S. of a taxpayer's return indicates that one concern of Congress was to prevent harassment of taxpayers but no severe restriction on the powers of the Commissioner was intended. United States v. Powell, 379 U.S. 48, 54-56 (1964). When the examination in question takes the form of an office review of returns before the three-year statute of limitations has run and involves, as here, absolutely no contact with the taxpayer, the possibility of harassment is so small that the Commissioner should not be unduly restricted by a judicial gloss as to what constitutes an *79 "unnecessary" examination or by having the burden of proof to negate an unsupported claim by the taxpayer that such an office examination of a return is "unnecessary." Cf. Geurkink v. United States, 354 F. 2d 629, 631 (C.A. 7, 1965); Application of Magnus, 196 F. Supp. 127, 128 (S.D.N.Y. 1961), affirmed on other grounds, 299 F. 2d 335, 337 (C.A. 2, 1962). See also DeMasters v. Arend, 313 F. 2d 79, 86-91 (C.A. 9, 1963). Petitioners have not claimed that the investigation herein was not related to bona fide doubts as to the correctness of the returns filed. Moreover, in cases which have involved the taxpayer more directly and thus presented a greater potential for harassment than the present case, it has been held that in order to prevail the taxpayer must show that the Commissioner is acting arbitrarily or that the examination is unrelated to any possible tax liability. United States v. Powell, supra at 57-58; DeMasters v. Arend, supra at 86-91; Application of United States (Carroll), 246 F. 2d 762, 763-765 (C.A. 2, 1957); United States v. Nunnally, 278 F. Supp. 843, 846 (W. D. Tenn. 1968). *80 See also Cooper, "Federal Agency Investigations: Requirements for the Production of Documents," 60 Mich. L. Rev. 187, 204-205 (1961). Petitioners have presented no evidence from which we could conclude that Agent Foy was unjustified in reopening the returns for the years in question. Indeed, what little evidence we do have indicates that there were sufficient facts to raise doubts about the correctness of the returns of these petitioners. Finally, Agent Foy also complied fully with the procedures prescribed for reopening a return. Rev. Proc. 68-28, 1968-2 C.B. 912. We conclude that there was no unnecessary examination within the meaning of section 7605(b). Petitioners also contend that the examination of the books and records of Crosby Chemicals, Inc., was in fact an inspection of petitioners' books and records and that petitioners were not notified of such inspection as required by section 7605(b). It is possible that, under some circumstances, the examination of the books of a corporation might constitute an examination of the books of its officers or shareholders because of the inextricable identity between them or because examination of the corporation's *81 books constitutes a subterfuge for examining the books of its officers or shareholders, for example, where the separate accounts are all maintained in the same volume. Compare Reineman v. United States, 301 F. 2d 267 (C.A. 7, 1962), and Application of Leonardo, 208 F. Supp. 124 (N. D. Calif. 1962), with Millard H. Hall, 50 T.C. 186, 201-202 (1968), affd. 406 F. 2d 706, 710 (C.A. 5, 1969), and United States Holding Co., 44 T.C. 323, 327-328 (1965). However, we have no evidence whatsoever to indicate that petitioners and Crosby Chemicals, Inc., should be considered one and the same or that the examination of the corporate books and records was a subterfuge. Petitioners simply assert on brief that their personal books and records were maintained by the corporation, but there is no evidence to this effect nor is there any evidence that Agent Foy did anything other than what he purported to do, i.e., examine the books of Crosby Chemicals, Inc., a separate and distinct entity from the individual taxpayers herein. See United States Holding Co., supra.
Petitioners argue that it is a necessary inference from *82 the schedule of adjustments proposed by Agent Foy that he had access to their personal books and records. The proposed adjustments consisted of constructive dividends received by the petitioners 1337 from Crosby Chemicals, Inc. There is nothing to indicate that the corporation in keeping its own books would not have recorded the data necessary to establish the existence of the transactions giving rise to the constructive dividends. [2] That such information would have been on the books of Crosby Chemicals, Inc., and consequently would have been available to Agent Foy in the course of his examination without requiring him to examine the personal books of the taxpayers, serves to distinguish the instant case from Reineman v. United States, supra, heavily relied upon by petitioners. In Reineman, the information upon which the deficiency was based would not have been contained in the data which the revenue agent purportedly examined. Therefore, the court concluded that the agent must have reexamined the books and records of the taxpayer without the proper authorization and in violation of section 7605(b). Such is not the case here. *83 We conclude that Agent Foy inspected the books and records of a third party and not those of petitioners. Hence, the limitation of section 7605(b) with respect to inspection is inapplicable. United States v. Dawson, 400 F. 2d 194, 200 (C.A. 2, 1968); Geurkink v. United States, supra; Bouschor v. United States, 316 F. 2d 451, 457-458 (C.A. 8, 1963); DeMasters v. Arend, supra; Application of Magnus, 299 F. 2d 335, 336 (C.A. 2, 1962). Decisions will be entered for the respondent. Footnotes
1. All references herein are to the Internal Revenue Code of 1954, as amended.↩
2. Such seems obviously to be the case herein, since the constructive dividends resulted from the corporation's providing petitioners with automobiles, utilities, telephone service, and payments to a yard boy.↩