**C. B. COLEMAN, Plaintiff,**

v.

**DOVER CORPORATION, Defendant.**

**Civ. A. No. 6740.**

United States District Court, E. D. Tennessee, S. D.

Jan. 29, 1974.

Witt, Gaither, Abernathy & Wilson, Chattanooga, Tenn., for plaintiff.

Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

 This is a diversity action by the plaintiff Mr. Coleman to recover a

---

"finder's fee" * from the defendant. 28 U.S.C. § 1332(a)(1), (c). The defendant moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure. The pleadings, depositions and affidavits on file show that there is no genuine issue extant between the parties as to any material fact, and that the defendant is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure.

Therefrom, it appears undisputed that:

The plaintiff Mr. Coleman addressed an unsolicited letter to the president of the defendant corporation in 1966, advising the latter that his company might be interested in acquiring a certain corporation in Chattanooga, Tennessee. One week afterward, such president requested by letter to Mr. Coleman the name of the corporation which might be acquired and certain information relating to its financial situation. Mr. Coleman thereupon responded by revealing the name of the subject corporation as the Ernest Holmes Company (Holmes), but he did not provide the defendant's president with the financial data which had been previously requested.

The defendant has shown it has testimony to be offered on the trial, reflecting that the Dover Corporation did not pursue the acquisition of Holmes further because of Mr. Coleman's failure to forward the requested financial information, which fact indicated to the defendant that Mr. Coleman was not authorized to act relative to the Dover Corporation's acquisition of Holmes or its merger therewith. Mr. Coleman took no further action to promote any arrangement between Holmes and the Dover Corporation. Nonetheless, six years after the interchange of such correspondence between the parties, on January 31, 1973, the defendant acquired the assets of Holmes for $16,000,000.

The defendant has shown further that it has testimony of several key officials of Holmes indicating that no decision was made by such officials to negotiate the sale of its assets until 1972, when consideration was begun of personal problems such officials might have with anticipated estate taxes. Their affidavits indicate that they will testify that Holmes rejected numerous invitations to discuss merger or acquisition in the period, 1966–1972, because of lack of interest in such proposals. Neither party appears to have any evidence to offer on the trial that Mr. Coleman was either authorized or encouraged to initiate negotiations for the merger or acquisition of Holmes.

To the contrary, the defendant has evidence to offer on the trial that when Holmes' major shareholders decided in 1972 to dispose of the company, Mr. Robert Douglass, a brother-in-law of Mr. Ernest Holmes, Jr. and also a director of Holmes, approached J. J. B. Hilliard, W. L. Lyons & Company (Hilliard), of Louisville, Kentucky, to find a purchaser for Holmes. Holmes and Hilliard entered into an agreement, whereby Holmes agreed to compensate Hilliard for finding such a purchaser. Hilliard thereupon made a financial study of Holmes, forwarded it to G. L. Ohrstrom & Company (Ohrstrom), and Ohrstrom contacted the defendant Dover Corporation, a customer of Ohrstrom's. Holmes recompensed both Hilliard and Ohrstrom for bringing the parties together.

There appears to have been no contract between these parties; and, if there were, it is clear from the record before this Court that any such contract was abandoned by Mr. Coleman. He claims that he is entitled to compensation, because he was the "middleman"

---

* " * * * [A] 'finder's fee' is a kind of commission as to which there is no percentage fixed by custom. In the absence of any agreement thereon, the percentage allowed to the finder depends upon how much work is done by him, and what his position is in the deal vis-a-vis the persons with whom the banker [or other commercial operation] is negotiating it. * * * " Cray, McFawn & Co. v. Hegarty, Conroy & Co., D.C.N.Y. (1939), 27 F.Supp. 93, 97 [5].

who brought Holmes and Dover together, and that they afterward negotiated their agreement without further services from him. But, Holmes and Dover did not complete their business as a result of Mr. Coleman's efforts. See M. Dean Kaufman, Inc. v. American Machine and Foundry Co. (N.J.App.Div., 1968), 102 N.J.Super. 1, 245 A.2d 202, 206, affirmed (1969), 54 N.J. 239, 254 A.2d 786. The extent of the plaintiff's contribution to the acquisition was the disclosure to the Dover Corporation of Holmes' name. As has been stated in a factually similar situation:

> * * * In no case cited by the plaintiff has there been enforced an obligation to pay compensation to a "finder" for the disclosure of a name alone, without an introduction or negotiations leading to an eventual transaction between the defendant and the concern suggested by the plaintiff. * * *

Towers v. Doroshaw, N.Y.Sup.Ct. (1957), 5 Misc.2d 241, 159 N.Y.S.2d 367, 376. The plaintiff has failed to show that he has evidence to offer on the trial that he did more than that.

" * * * The function of a motion for summary judgment * * * is to dispose of cases where there is no genuine issue as to material facts. * * * It enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried. * * * Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists. * * * " Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.2d 549, 550[1]. " * * * [T]he whole purpose of summary judgment would be defeated if a case could be forced to trial by a mere assertion that a genuine issue exists, without a showing of any evidence. * * * " Ibid., 213 F.Supp. at 550[2]. In decid-ing a motion for a summary judgment, the record must be viewed from the position of the trial judge confronted with a motion for a directed verdict at the completion of the plaintiff's case. Ibid., 213 F.Supp. at 551[4]; United States v. Artman, D.C.Tenn. (1970), 320 F.Supp. 474, 477[2], affirmed C.A. 6th (1970), 435 F.2d 1375.

Viewed in that posture, this record reveals that the defendant is entitled to a summary judgment as a matter of law. Its motion therefor hereby is granted, and the clerk will enter a summary judgment that the plaintiff Mr. C. B. Coleman take nothing from the defendant Dover Corporation, Rule 58(1), Federal Rules of Civil Procedure.