**UNITED STATES of America et al.**

v.

**Jerry W. TAYLOR and Garland L. Slagle.**

**Civ. A. No. 74–0300–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 4, 1975.

Dennis W. Dohnal, Asst. U. S. Atty., Richmond, Va., for plaintiffs.

Robert L. Harris, Harris, Tuck, Freasier & Johnson, Richmond, Va., for defendants.

## FINDINGS OF FACT

MERHIGE, District Judge.

1. This matter is before the Court on a petition by the United States of America and Special Agent William H. Clyborne, Jr., of the Internal Revenue Service. The petitioners seek, pursuant to Title 26 U.S.C. §§ 7402(b) and 7604 (a), the judicial enforcement of a summons that was issued by Agent Clyborne to the respondent Taylor, for the production of nine items of books and records that belonged to the intervenor, Dr. Slagle.

2. Petitioner Clyborne is a special agent of the Intelligence Division, Internal Revenue Service. As a special agent, he is authorized to issue Inter-

nal Revenue summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).

3. The respondent, Taylor, is a certified public accountant whose place of business is located at Petersburg, Virginia, within the jurisdiction of this Court. The intervenor, Dr. Slagle, is the owner of the records under investigation giving rise to the summons.

4. A hearing was held in the matter on July 29, 1974 at which time a motion to intervene by Dr. Slagle was granted by the Court and evidence was presented on behalf of all parties. The Court found in favor of the petitioners at the conclusion of the hearing and ordered that the subject documents be produced by the respondent in compliance with the summons in question. Thereafter, but before the date on which the respondent was ordered to produce the subject documents, the respondent and intervenor presented a motion for a rehearing. The motion was granted and the previous order to produce the subject records was stayed pending further proceedings. An additional hearing was held on September 5, 1974 during which testimony as to the daily log book of receipts for 1972 was taken.

5. Pursuant to an investigation, Revenue Agent Jeter requested permission from Dr. Slagle to examine certain of his (Dr. Slagle's) books and records. Dr. Slagle acquiesced and expressed to Taylor his desire that the records be delivered to Taylor for purposes of assisting him in getting the matter concluded. Dr. Slagle requested the transfer of the records because the investigation could be conducted more conveniently for all parties involved at a location other than Dr. Slagle's office. Dr. Slagle subsequently delivered, in December 1973 or January 1974, all the documents requested by petitioner, including the log book of receipts, to Taylor and instructed Taylor to cooperate with the revenue agent in providing the latter with information.

6. Revenue Agent Jeter thereafter was permitted to examine the books and records at Mr. Taylor's office. Acting upon information received from agent Jeter, petitioner Clyborne commenced an investigation into the matter whereupon Mr. Taylor's cooperation ceased.

7. On February 4, 1974, Dr. Slagle regained from Mr. Taylor's possession the log book of receipts for 1972 (Item 7 on petitioner's summons).

8. Agent Clyborne issued a summons on March 27, 1974 to the respondent Taylor for the production of all of Dr. Slagle's records then in Taylor's possession.

9. Respondent Taylor was not in possession of Dr. Slagle's log book of receipts for 1972 (Item 7) at the time the summons was issued as Item 7 by that time had been delivered to counsel for Dr. Slagle.

10. No recommendation for criminal prosecution had been made prior to the issuance of the summons and there is no evidence that the summons was issued for any invalid purpose or in other than good faith.

## CONCLUSIONS OF LAW

The subject summons was is sued for a valid purpose as provided fo by statute 26 U.S.C. § 7602. It is onl where the sole objective of the invest gation is to obtain evidence for use in a criminal prosecution that the purpose of the summons may be said to be improper. *United States v. Theodore*, 479 F.2d 749 (4th Cir. 1973). It is well established that the summons may be used to investigate tax liability that may later prove to involve criminal conduct. *Donaldson v. United States*, 400 U.S. 517, 535, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970). The mere presence of a special agent does not render the investigation one whose sole objective is criminal prosecution. *Donaldson, supra; United States v. Fisher*, 500 F.2d 683 (3d Cir. 1974).

Dr. Slagle cannot invoke his constitutional right against self-incrimination with regard to the production of

Items 1, 2, 3, 4, 5, 6, 8 or 9 requested on the summons as he had voluntarily relinquished possession of these to Mr. Taylor. The privilege is a personal one that necessarily involves an element of compulsion against a person to bear witness against himself. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1972). Accordingly, possession rather than ownership is the most compelling factor to be considered in determining whether an aggrieved individual can invoke his Fifth Amendment right against self-incrimination. Here, Dr. Slagle requested that the subject books and records be delivered to Mr. Taylor's office. Thus, the present case is distinguishable from *Stuart v. United States*, 416 F.2d 459 (5th Cir. 1969) in which the government requested the transfer. Moreover, in Stuart, (unlike the instant case) the special agent's criminal investigatory purpose was unequivocally established by his reading to the taxpayer her *Miranda* warnings prior to the issuance of the summons. *Stuart v. United States, supra.* Dr. Slagle's transfer of the records to Mr. Taylor was not a relinquishment so temporary or insignificant as to leave the personal compulsion upon the accused substantially intact. Therefore, the constructive possession limitation on *Couch* principles is not applicable and Mr. Taylor must surrender the requested items. See *Couch v. United States*, 409 U.S. 322, 333, 93 S.Ct. 611, 34 L.Ed.2d 548 (1972).

■ Dr. Slagle's recovery of Item 7 prior to the issuance of the summons, however, enables him to successfully oppose the enforcement of the summons with regard to that item. *United States v. Cohen*, 388 F.2d 464 (9th Cir. 1967); *United States v. Judson*, 322 F.2d 460 (9th Cir. 1963). Mr. Taylor cannot be forced to turn over a book he did not possess at the time the summons was issued. *United States v. Howard*, 360

F.2d 373 (3d Cir. 1966). The log book (Item 7), then, cannot be included within the scope of enforcement of the summons.

An appropriate order shall issue.