**William J. STREETT, Sharon L. Streett, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 96–M–6–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

Oct. 8, 1998.

Ronald Dexter Hodges, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, Jeffrey G. Lenhart, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, for Petitioners.

William J. Streett, New Market, VA, for pro se.

Sharon L. Streett, New Market, VA, pro se.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, Angelo Frattarelli, U.S. Department of Justice, Washington, DC, Margaret M. Earnest, U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

At a hearing held May 5, 1998 and in an order filed May 12, 1998, United States Magistrate Judge B. Waugh Crigler denied petitioners' April 30, 1998 motion to quash third party summons and granted, in part, respondent's April 13, 1998 motion to lift stay and unseal documents. Petitioners filed a timely notice of appeal from the Magistrate Judge's order to this court. Upon review of the parties' briefs and the transcript of the hearing, the court finds that the Order is neither clearly erroneous nor contrary to law and will therefore decline to amend the Magistrate's Order.

### I.

The facts of this case have been adequately set forth in this court's December 18, 1996 opinion. The Streetts have opposed a summons upon their accountant, issued as part of an Internal Revenue Service ("IRS") investigation. The court has sustained as valid only one of the asserted grounds for the Streetts' opposition, namely, the Fifth Amendment privilege as described in *Stuart v. United States* and its progeny. *See* 416 F.2d 459 (5th Cir.1969), *United States v. Taylor*, 399 F.Supp. 681, 683 (E.D.Va.1975) (citing *Stuart*); *see also* August 28, 1996 Opinion and Order. This matter was remanded to the Magistrate Judge for proceedings on the applicability of *Stuart* and the Fifth Amendment to petitioners' claim.

On November 7, 1997 the United States moved the court to lift the stay in the case and unseal the documents to which the Streetts claim the privilege applies for the purpose of allowing the Streetts to prepare a log of specific documents allegedly covered by the asserted privilege. The United States renewed its motion to lift stay and unseal documents on April 13, 1998 after petitioners had clarified that in light of the withdrawal of their counsel, they would be proceeding *pro se*. On April 30, 1998, the Streetts filed their *pro se* Amended Motion to Quash, which reiterated many of their objections to the summons that had been specifically overruled by this court's previous orders.[1] The Magistrate Judge's May 12, 1998 Order denied the Streetts' Amended Motion to Quash and granted the United States' motion in part. The Magistrate Judge lifted the stay and unsealed the documents for the limited purpose of allowing the Streetts to prepare an inventory and asserted privilege log. The Streetts appealed from this order claiming simply that the Magistrate Judge erred, and relying on their previously filed briefs in support of their appeal.[2]

### II.

Under Fed.R.Civ.P. 72(a), a party may object to non-dispositive, pretrial orders of a United States Magistrate Judge. (West 1997). As the rule reads, in pertinent part:

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

*Id.*

The court need not dwell long on the issue of whether the Magistrate Judge's order was proper insofar as it denied petitioners' amended motion to quash. The procedural grounds asserted by petitioners in support of their motion to quash have been ruled on previously by this court in its Au-

---

1. For example, the Streetts' Amended Motion attempted to revive the argument that the summons had not met the procedural requirements of *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) even though this court's August 28, 1996 ruling held that the IRS had complied with the requirements of *Powell*.

2. The parties did not request a hearing on appeal. The Streetts specifically declined to present oral argument, preferring to rest on their previous arguments.

gust 28, 1996 opinion and order. The Magistrate Judge's ruling from the bench that the law of the case applies because the amended motion does not "do anything except restate [previous arguments] in another form," was entirely proper, and neither clearly erroneous nor contrary to law. *See, e.g., U.S. Dep't of Housing & Urban Dev. v. Cost Control Mktg. & Sales Mgt. of Va., Inc.,* 64 F.3d 920 (4th Cir.1995) (party that had already been deemed to be developers or agents were precluded under law of the case doctrine from subsequently asserting that they were not developers or agents); *see also* Black's Law Dictionary 798 (5th ed.1979) (defining principle of law of the case to mean that determination of questions of law will govern case throughout all subsequent stages).

■ As for the Magistrate Judge's order that the stay be lifted and the documents unsealed to permit petitioners to prepare a "privilege log," this part of the order also survives review under the appropriate standard. This court remanded proceedings to the Magistrate Judge for a determination of the applicability of *Stuart* and petitioners' alleged Fifth Amendment privilege. The first prong of the *Stuart* analysis requires a showing that "had the papers been in the hands of the taxpayers upon service of the summons, they could have successfully asserted their privilege against self-incrimination." *Stuart,* 416 F.2d at 462. While there are other pertinent inquiries to be made in conducting the *Stuart* analysis, it seems reasonable to start with this inquiry first. If there are documents among those taken from petitioners' accountant which are clearly not subject to the privilege against self-incrimination, *Stuart* would not apply, those documents should be disclosed to the IRS, and the tax case should proceed on that basis, if possible. Taking the preliminary step of permitting petitioners to comb through the documents and produce a privilege log seems reasonably calculated to advance these proceedings efficiently and forego unnecessary hearings on other *Stuart* issues until the first inquiry is made. If the Fifth Amendment privilege cannot fairly cover the documents, further inquiry under *Stuart* would be unnecessary.

Therefore, the Magistrate Judge's order granting in part the motion of the United States to lift the stay and unseal the documents was not clearly erroneous or contrary to law. The process ordered by the Magistrate Judge is in keeping with this court's previous rulings and the analysis suggested in *Stuart.* Petitioners have not pointed to any source of law which indicates that the Magistrate Judge's Order was in error. Insofar as petitioners attempt to appeal rulings of the Magistrate Judge in previous orders, this court will decline to address those arguments as untimely.