William & Sharon **STREETT**,
Petitioners,

v.

**UNITED STATES** of America,
Defendant.

No.  CIV.A. 96–MC–06–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Aug. 20, 1999.

---

William J. Streett, New Market, VA, pro se.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, Angelo Frattarelli, U.S. Dept. of Justice, Washington, DC, Margaret M. Earnest, U.S. Dept. of Justice, Tax Div., Washington, DC, for Respondent.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

On May 18, 1999, United States Magistrate Judge B. Waugh Crigler conducted evidentiary proceedings in accordance with an Order by this court to render a report setting forth appropriate findings, conclusions and recommendation on the remaining dispositive issues in the case. The remaining issue is whether the petitioners are entitled to claim a Fifth Amendment privilege and avoid producing certain documents subpoenaed by the Internal Revenue Service ("IRS"). On May 27, 1999, the Magistrate Judge filed his Report and Recommendation ("R & R") advising the court to grant the petitioners' motion to quash the IRS subpoena to almost all of the documents. The government filed an objection to the R & R insofar as it undertook to create a bright-line rule that the transfer of documents to an accountant holding power of attorney was not a delivery to a third party. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo determination of those portions of the report ... to which the objection is made." Having thoroughly considered the issue, the court will adopt in part and overrule in part the Magistrate's R & R.

I.

Petitioner William J. Streett is a veterinarian, and his wife, Sharon L. Streett, is a housewife. On October 12, 1995, Revenue Agent Linnea Thuresson informed the Streetts the IRS would be conducting an audit of their 1993 income tax return including Dr. Streett's veterinary practice. On October 14, 1995, the petitioners executed IRS Form 2848 granting power of attorney to James Sprinkel, a CPA and the petitioners' long-time accountant. With the power of attorney, Mr. Sprinkel was authorized "to receive and inspect confidential tax information and to perform any and all acts" that the taxpayers themselves could perform in dealing with the IRS in matters related to the audit. (Pl.Aff.Ex. B.)

The parties arranged for Mr. Sprinkel's office in Harrisonburg, Virginia, to be the site of the audit. The Magistrate Judge found this location to be the most logical site. First, the ongoing nature of Dr. Streett's veterinary practice made the petitioners' combination home and office unsuitable for the audit because of potential interruptions. Further, Mr. Sprinkel generally permitted his office to be used for his clients' audits so he could ensure the records would be assembled, maintained and reviewed in an orderly fashion. Moreover, Mr. Sprinkel himself having been delegated power of attorney would conduct all face-to-face meetings with the IRS agents on behalf of the petitioners. Finally, the petitioners lived in New Market, which is some 20–plus miles north of Harrisonburg, whereas the agent would travel from Staunton, Virginia, some 35 miles south of Harrisonburg. Mr. Sprinkel's office was conveniently located between the two areas.

On April 26, 1996, the IRS decided to proceed criminally in the case. However, the Streetts were not notified of the criminal investigation until June 12, 1996. In the interim, petitioners never were advised of their Fifth Amendment right against self-incrimination as the documents were

already in Mr. Sprinkel's possession. On the day the petitioners learned of the criminal investigation, the IRS issued a summons to Mr. Sprinkel requesting work papers, financial statements, journals, receipts and various other records allegedly relating to the petitioners' tax return preparation.

On June 28, 1996, the petitioners filed a motion to quash the IRS summons. By order dated July 29, 1996, the court denied the petitioners' motion. However, on August 28, 1996, upon a showing of additional factual information by the petitioners, the court directed a hearing to be conducted before the Magistrate Judge to determine whether petitioners could invoke the protection of the Fifth Amendment to prevent the documents at issue from being turned over to the IRS. As a result of an ongoing grand jury investigation, and upon consent of the parties, the Magistrate stayed this proceeding pending further order of the court. The stay was lifted in part on May 12, 1998, and was affirmed by this court on October 8, 1998, by a Memorandum Opinion and Order dated October 8, 1998. *See Streett v. United States*, 25 F.Supp.2d 721 (W.D.Va.1998). In accordance with that decision, the plaintiffs reviewed the documents at issue in this case and prepared and filed a privilege log of the documents they asserted were protected by the Fifth Amendment. The documents not identified in the privilege log were then released to the IRS. The remaining documents at issue were turned over to the court for *in camera* review.

Neither party disputes that the documents in question were delivered to Mr. Sprinkel solely in his capacity as attorney-in-fact for the petitioners in the audit and for no other purpose. At the evidentiary hearing, Mr. Sprinkel testified that none of the subject documents were utilized to prepare the tax returns in question. There is no evidence contradicting or qualifying Mr. Sprinkel's testimony regarding the han-

dling of these documents. He further affirmed the documents would only be relevant in the audit context. Additionally, Mr. Sprinkel intended to return the documents to the Streetts as soon as the audit was completed as he did not possess the storage facility to retain the documents. The Magistrate found all of the documents in the privilege log, with exception to Document Nos. B–1 and B–2,[1] were the private papers of the Streetts.

## II.

Neither party objects to the Magistrate Judge's factual findings regarding this case. Rather, the United States contests the Magistrate's holding on the legal question of whether the transfer of documents produced by the petitioners to their accountant holding a power of attorney should be viewed as delivery to a third-party. If the transfer is considered delivery to a third party, then the petitioners are unable to claim a Fifth Amendment privilege.

The Fifth Amendment is a personal privilege which protects a party from producing evidence that may incriminate him. *See Couch v. United States*, 409 U.S. 322, 328, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). However, the Fifth Amendment does not protect against incriminating statements elicited from other parties. *See id.* As the Magistrate noted, where the incriminating evidence has been voluntarily surrendered to a third party, the privilege dissipates. The third party may then be summoned to produce the documents without the accused being compelled to incriminate himself. *See id.* at 329, 93 S.Ct. 611. In such circumstances, the accused taxpayer is not pressured or coerced against his will to "utter self-condemning words or produce incriminating documents." *Id.* As a result, the very element the Fifth Amendment is thought to protect—a personal compulsion against

---

**1.** Hereinafter when the term documents is used in this opinion, it shall exclude Document Nos. B–1 and B–2 which the Magistrate

found to be generated entirely by third parties and contain no writings on them generated by petitioners.

an accused—is lacking. Thus, to invoke the privilege against self-incrimination there cannot be a voluntary delivery of such documents to a third party.

To overcome the obstacle that the documents were in fact in the possession of the petitioners' accountant, the Magistrate created a bright-line rule that delivery of documents to an accountant holding power of attorney is not delivery to a third party. The Magistrate reasoned that when an accountant holds power of attorney under IRS Form 2848 for all practical purposes the accountant becomes the taxpayer. Because the accountant is acting as attorney-in-fact and in essence is the taxpayer, delivery of the documents to him should not be considered delivery of documents to a third party. Rather, documents in his possession should be construed to be in the possession of the taxpayer. As such, delivery to the accountant does not deprive the taxpayer of his constitutional rights.

The court declines acceptance of the bright-line principle because fact patterns can be very different in these matters, e.g., the language of a particular power of attorney may substantially affect the decision in a particular case. Thus, the more appropriate procedure would be to resolve each matter on a case by case basis, accommodating the possibility that major, or even minor, differences in a particular case's fact pattern may strongly affect the outcome. Further, under the facts of this case, this court does not need to adopt the bright-line rule to determine whether the petitioners' motion to quash should be granted. The parties agree there is little decisional authority in the area of third party delivery and the Fifth Amendment privilege. However, enough exists for this court to make a determination without creating new law.

The decision of *Stuart v. United States,* 416 F.2d 459 (5th Cir.1969), is the controlling opinion in this case. In *Stuart,* upon learning the IRS would be conducting an audit of her tax returns, the taxpayer placed her records with her accountant to make the inspection more feasible for the revenue agent. The taxpayer's records were previously stored at her place of business where she worked nights and slept during the days. If the records remained at her place of business the revenue agent would be forced to conduct the audit during evening hours. *See id.* at 460. The court adjudged that the government should not benefit from the taxpayer's goodwill in transferring her records to a place where the agent could examine them in normal conditions rather than inspecting them during off-hours. *See id.* at 463. Thus, despite the appearance of a delivery to a third party, the taxpayer was still permitted to claim her Fifth Amendment privileges.

■ In the case at bar, the Magistrate found, and neither party disputed, that the documents in question were transferred to Mr. Sprinkel for the benefit of the IRS. Although some minimal benefit flowed to the Streets under this arrangement, through the avoidance of interruptions to the veterinary practice caused by the audit investigation, the government is undoubtedly the greater benefactor of this arrangement. Had the records been kept with the Streetts, Ms. Thuresson would have encountered numerous interruptions because of the nature of Dr. Streett's veterinary practice. Additionally, the revenue agent saved valuable travel time because Mr. Sprinkel's office was located between the site where she would travel from and the site where the Streetts' resided. Further, because Mr. Sprinkel retained power of attorney he was authorized to make decisions on behalf of the petitioners regarding the investigation. The process would be expedited by inspecting the documents within the close vicinity of Mr. Sprinkel. Thus, similar to the situation in *Stuart,* the IRS benefitted from the records being transferred to the petitioners' accountant. Because the government's situation played a large role in getting the documents transferred, they should not be permitted to use the transfer to their advantage.

The government concedes that *Stuart* is the controlling decision for the case at bar and that the Supreme Court decisions of *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), and *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), are factually distinguishable, and thus, inapplicable to this case. Further, the government does not contest the Magistrate's factual findings regarding the benefits to the IRS of transferring the documents to Mr. Sprinkel or the application of those facts to the holding in *Stuart*. Because the remaining issue in the present case can be adjudicated based on existing case law, the court can dispense with the bright-line rule at this time without involving the matters raised in *Couch* and *Fisher*.

### III.

The holdings in *Couch* and *Fisher* do not affect the outcome of the present case. On the other hand, the holding in *Stuart*—that the removal of documents from taxpayers for the convenience of the IRS in performing an audit cannot be used against taxpayers in disallowing them to claim their Fifth Amendment privilege—does control the case at hand. As a result, the petitioners can claim a privilege against incrimination, thus, avoiding the production of documents to the IRS placed in the possession of Mr. Sprinkel purely for audit purposes. Because this court can grant petitioners' motion to quash based on *Stuart* alone, there is no need to create a bright-line rule permitting all taxpayers to claim a privilege against incrimination in regards to all documents transferred to an accountant holding power of attorney. As such, the United States' objection to the creation of this bright-line rule is sustained. The remaining uncontested portion of the R & R finding that the transfer of documents to Mr. Sprinkel was completed for the benefit and convenience of the government is adopted. Thus, applying the reasoning of *Stuart*, the Magistrate's R & R is adopted save the portion relating the Magistrate's treatment of a bright-line rule.

An appropriate order this day shall issue.

### ORDER

By a Memorandum Opinion and Order dated August 28, 1996, this court referred the above-captioned case to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommendation, subject to review by this court, on whether the petitioners were entitled to a Fifth Amendment privilege regarding documents in the possession of their accountant. On May 27, 1999, the Magistrate Judge filed his Report and Recommendation, granting the petitioners' motion to quash the Internal Revenue Service's ("IRS") subpoena to almost all of the documents in their privilege log.

The United States filed a partial objection to the Report and Recommendation on June 11, 1999, and the petitioners filed a response to the objection on June 22, 1999. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those portions of the report ... to which the objection is made." After a thorough examination of the United States' objection, the supporting memoranda, the applicable law, the documented record, and the Report and Recommendation, this court sustains the United States' objection. For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

that:

1. The Magistrate Judge's Report and Recommendation will be adopted in part.

2. The United States' June 11, 1999 partial objection to the Report and Recommendation of the United States Magistrate Judge is SUSTAINED, and the portion of the Report and Recommendation creating a bright-line rule that delivery of documents to an accountant holding power of attorney is not delivery to a third party for purposes of claiming a Fifth Amendment

privilege shall be, and hereby is, RE-VERSED.

3. The petitioners' motion to quash the IRS subpoena shall be, and hereby is, GRANTED, based on the holding in *Stuart v. United States*, 416 F.2d 459 (5th Cir.1969).